COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-363-CR

 

 

OMAR RAMOS                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In one point, Appellant Omar Ramos asserts that
the trial court erred by adjudicating Ramos guilty and revoking his community
supervision.  We affirm.








                              II.  Factual and Procedural History

In March 2008, Ramos pleaded guilty to the felony
offense of assault-bodily injury upon a family member, and the trial court
placed him on two years= community supervision.  In September 2008, the State filed a petition
to proceed to an adjudication of guilt, asserting in its petition that Ramos
had committed a new offense by pointing a firearm at Randi Barron (Paragraph 1)
and had violated the terms and conditions of community supervision by
possessing a firearm (Paragraph 2) and by failing to report to his supervision
officer in July 2008 (Paragraph 3). 
Ramos responded with a not true plea to Paragraphs 1 and 2 and a true
plea to Paragraph 3.

The trial court found all three paragraphs to be ATrue@ and
sentenced Ramos to five years=
confinement.  This appeal followed. 

                        III.  Revocation of Community Supervision

In one point, Ramos asserts that the trial court
erred by adjudicating him guilty and revoking his community supervision.

A.  Standard of Review








We review an order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Cherry v. State, 215 S.W.3d
917, 919 (Tex. App.CFort Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry,
215 S.W.3d at 919.  If the State fails to
meet its burden of proof, the trial court abuses its discretion by revoking the
community supervision.  Cardona,
665 S.W.2d at 493B94.

B.  Community Supervision - Plea
of True

A single plea of true, standing alone, is
sufficient to support the revocation of community supervision.  Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979); Battles v. State, 626 S.W.2d 149,
150 (Tex. App.CFort Worth 1981, pet. ref=d).  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980).








C.  Analysis

Ramos=s
argument with regard to his plea of true to Paragraph 3 is that Athe
failures to report were explained[2]
and it was shown that [Ramos] was working and adjusting so well while on
probation that the complaining witness on the primary charge had allowed him to
move back into his home and live with him,@ and
therefore the court Aabused its discretion in
revoking [Ramos=s] community supervision.@








In Moses v. State, our court of criminal
appeals observed that Athere is no duty upon a trial
court to withdraw a plea of true in a revocation of probation proceeding even
if a probationer presents a defensive issue. 
Appellant=s plea of true, standing alone,
is sufficient to support the revocation of probation.@  590 S.W.2d 469, 470 (Tex. Crim. App. [Panel
Op.] 1979).  Likewise, this court has
held that Aproof by a prepondence of the
evidence of any one of the alleged violations of community supervision
is sufficient to support a revocation order. 
A plea of true, standing alone, is sufficient to support the trial court=s
revocation order.@ 
Carr v. State, No. 02-07-00450-CR, 2008 WL 4445561, at *1 (Tex.
App.CFort
Worth Oct. 2, 2008, no pet.) (mem. op., not designated for publication).  And a similar factual situation to that
asserted by Ramos occurred in Kinard v. State, in which the court
stated,

At the revocation
hearing, [Kinard] testified he did not report because he did not have a car and
could not walk from the bus stop to the office because of his poor medical
condition, which he described. . . . On appeal, Kinard argues the State did not
refute his evidence of his physical inability to report to his probation
officer.  However, Kinard=s plea of true to the
allegation of failure to report is alone sufficient to support revocation.  See Moses, 590 S.W.2d at 470; Jiminez
[v. State], 552 S.W.2d [469,] 472 [(Tex. Crim. App. 1977)].  Because proof of the violation of the failure
to report is sufficient to support revocation, we need not address Kinard=s argument that he did
not voluntarily violate the conditions regarding payment of fees and fines due
to his unemployment and inability to pay. 
See O=Neal [v. State], 623
S.W.2d [660,] 661 [(Tex. Crim. App. [Panel Op.] 1981)].

 

No. 05-06-00306-CR, 2006 WL 3259343, at *2 (Tex. App.CDallas
Nov. 13, 2006, pet. ref=d) (not designated for
publication).

Therefore, we hold that the trial court did not
abuse its discretion by revoking Ramos=s
community supervision because his plea of true to the failure to report
allegation supports the trial court=s
judgment.  We overrule his sole point.








                                          IV.  Conclusion

Having overruled Ramos=s sole
point, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: CAYCE, C.J.;
GARDNER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Ramos admitted in his
testimony that he did not report in July 2008 because he could not get
transportation.  He reported this to his
probation officer, who told him to come in the next week, but the same
transportation problem occurred again.