

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-363-CR

OMAR RAMOS                                                              APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one point, Appellant Omar Ramos asserts that the trial court erred by

adjudicating Ramos guilty and revoking his community supervision.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

In March 2008, Ramos pleaded guilty to the felony offense of assault-bodily injury upon a family member, and the trial court placed him on two years' community supervision. In September 2008, the State filed a petition to proceed to an adjudication of guilt, asserting in its petition that Ramos had committed a new offense by pointing a firearm at Randi Barron (Paragraph 1) and had violated the terms and conditions of community supervision by possessing a firearm (Paragraph 2) and by failing to report to his supervision officer in July 2008 (Paragraph 3). Ramos responded with a not true plea to Paragraphs 1 and 2 and a true plea to Paragraph 3.

The trial court found all three paragraphs to be "True" and sentenced Ramos to five years' confinement. This appeal followed.

## III. Revocation of Community Supervision

In one point, Ramos asserts that the trial court erred by adjudicating him guilty and revoking his community supervision.

## A. Standard of Review

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet.

2

ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

**B. Community Supervision - Plea of True**

A single plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, pet. ref'd). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## C.  Analysis

Ramos's argument with regard to his plea of true to Paragraph 3 is that "the failures to report were explained[2] and it was shown that [Ramos] was working and adjusting so well while on probation that the complaining witness on the primary charge had allowed him to move back into his home and live with him," and therefore the court "abused its discretion in revoking [Ramos's] community supervision."

In *Moses v. State*, our court of criminal appeals observed that "there is no duty upon a trial court to withdraw a plea of true in a revocation of probation proceeding even if a probationer presents a defensive issue. Appellant's plea of true, standing alone, is sufficient to support the revocation of probation."  590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Likewise, this court has held that "proof by a prepondence of the evidence of any *one* of the alleged violations of community supervision is sufficient to support a revocation order.  A plea of true, standing alone, is sufficient to support the trial court's revocation order." *Carr v. State*, No. 02-07-00450-CR, 2008 WL 4445561, at *1 (Tex. App.—Fort Worth Oct. 2, 2008, no pet.)

---

[2] Ramos admitted in his testimony that he did not report in July 2008 because he could not get transportation.  He reported this to his probation officer, who told him to come in the next week, but the same transportation problem occurred again.

(mem. op., not designated for publication). And a similar factual situation to that asserted by Ramos occurred in *Kinard v. State*, in which the court stated,

> At the revocation hearing, [Kinard] testified he did not report because he did not have a car and could not walk from the bus stop to the office because of his poor medical condition, which he described. . . . On appeal, Kinard argues the State did not refute his evidence of his physical inability to report to his probation officer. However, Kinard's plea of true to the allegation of failure to report is alone sufficient to support revocation. *See Moses*, 590 S.W.2d at 470; *Jiminez* [*v. State*], 552 S.W.2d [469,] 472 [(Tex. Crim. App. 1977)]. Because proof of the violation of the failure to report is sufficient to support revocation, we need not address Kinard's argument that he did not voluntarily violate the conditions regarding payment of fees and fines due to his unemployment and inability to pay. *See O'Neal* [*v. State*], 623 S.W.2d [660,] 661 [(Tex. Crim. App. [Panel Op.] 1981)].

No. 05-06-00306-CR, 2006 WL 3259343, at *2 (Tex. App.—Dallas Nov. 13, 2006, pet. ref'd) (not designated for publication).

Therefore, we hold that the trial court did not abuse its discretion by revoking Ramos's community supervision because his plea of true to the failure to report allegation supports the trial court's judgment. We overrule his sole point.

## IV.  Conclusion

Having overruled Ramos's sole point, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009