Margaret Elizabeth **CHERRY**,
Appellant,

v.

The **STATE** of Texas, State.

No. 2–06–057–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 25, 2007.

Gregory J. King, Wichita Falls, for Appellant.

Boyd L. Richie, County Atty., Graham, for Appellee.

Panel F: LIVINGSTON, DAUPHINOT and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellant Margaret Elizabeth Cherry appeals the trial court's decision granting the State's motion to revoke her community supervision. In a single issue, Cherry contends that the State failed to prove by a preponderance of the evidence that the individual appearing at the revocation hearing was the same Margaret Elizabeth Cherry that the trial court originally placed on community supervision. We will affirm.

### II. BACKGROUND

On July 8, 2004, Margaret Elizabeth Cherry pleaded guilty to possession of marijuana under two ounces, a misdemeanor offense. The trial court assessed Cherry's punishment at 180 days' confinement, and probated her sentence for a term of one year. Prior to the expiration of her probated sentence, the State filed a motion to revoke Cherry's community supervision alleging, in part, that on March 3, 2005, Cherry submitted a urinalysis that tested positive for amphetamines.

At the hearing on the State's motion to revoke Cherry's probation, the State called Cherry's former probation officer, Scott Wallace, who testified that he was acquainted with Ms. Cherry because he supervised her for approximately one year and explained that he had recently—on March 3, 2006—obtained a urine sample from her which tested positive for amphetamines. Specifically, Wallace testified,

Q. And, Scott, how are you employed?

A. Probation officer for the 90th Judicial District.

Q. In that capacity *are you acquainted with the Defendant in this cause, Margaret Elizabeth Cherry?*

A. *Yes.*

Q. And how is it you are acquainted with her?

A. I was her supervision officer in Stephens County.

Q. And was she on probation out of this court?

A. *Yes, on this case I supervised her.*

Q. *And that was for a conviction of possession of marijuana under two ounces?*

A. *Yes.*

. . .

Q. And in March of 2005 you were still her supervising officer?

A. Yes.

Q. And did you request that a urinalysis be done?

A. Yes.

Q. And was a urine specimen taken from her?

A. Yes, on March the 3rd.

[Emphasis added].

After the State rested, Cherry objected and asked the trial court to enter a finding of not true, claiming that the State had failed to establish that the defendant seated at the counsel table was the same Margaret Elizabeth Cherry placed on community supervision in July 2004 for possession of less than two ounces of marijuana. The trial court overruled Cherry's objection and request and made an affirmative finding that the woman seated in the courtroom was the same person placed on community supervision in the underlying cause. The trial court then assessed Cherry's punishment at ninety days' confinement.

### III. THE REVOCATION OF CHERRY'S COMMUNITY SUPERVISION

 In her sole point, Cherry contends that the evidence was legally and factually insufficient to revoke her community supervision. We review an order revoking community supervision under an abuse-of-discretion standard. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the

defendant is the same individual who is named in the judgment and order of probation, and then must prove that the defendant violated a term of probation as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 873–74 (Tex.Crim. App.1993).

 In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Allbright v. State,* 13 S.W.3d 817, 818–819 (Tex.App.-Fort Worth 2000, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493; *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981); *Allbright* 13 S.W.3d at 819. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona,* 665 S.W.2d at 493–94.

Because we have previously held that a factual sufficiency review is inapplicable to revocation proceedings, we need not address Cherry's factual sufficiency challenge. *See Allbright,* 13 S.W.3d at 818. *See also Becker v. State,* 33 S.W.3d 64, 65–66 (Tex.App.-El Paso 2000, no pet.); *Joseph v. State,* 3 S.W.3d 627, 642 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Liggett v. State,* 998 S.W.2d 733, 735–36 (Tex. App.-Beaumont 1999, no pet.); *Johnson v. State,* 943 S.W.2d 83, 85 (Tex.App.-Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State,* 933 S.W.2d 298, 299–300 (Tex. App.-Waco 1996, pet. ref'd). Conversely, the State has met its burden with respect to evidence of revocation when the greater weight of the evidence creates a reasonable belief of the necessary revocation elements. *Allbright,* 13 S.W.3d at 818.

 In the present case, Cherry only contends that the State failed to prove that

she is the same individual named in the judgment for possession of marijuana under two ounces and originally placed on community supervision. Probation officer Scott Wallace specifically testified that he was acquainted with "the Defendant in this cause, Margaret Elizabeth Cherry" because he was her probation officer for a year on her probation "out of this court" "for a conviction of possession of marijuana under two ounces." Viewed in the light most favorable to the trial court's ruling and deferring to the trial court's determination concerning credibility and the weight to be given to testimony, this testimony establishes by a preponderance of the evidence that the defendant in this cause—Margaret Elizabeth Cherry—was the same Margaret Elizabeth Cherry named in the judgment for possession of marijuana under two ounces and originally placed on community supervision; consequently, the State met its burden. The trial court did not abuse its discretion by granting the State's motion to revoke Cherry's community supervision. *See Cardona,* 665 S.W.2d at 493–94. We overrule Cherry's sole issue on appeal.

## IV. Conclusion

Having overruled Cherry's sole issue on appeal, we affirm the trial court's judgment.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

Because the State failed to prove every element of its motion to revoke, I respectfully dissent. A trial judge cannot be a witness in a case.[1] Nor may the trial judge merely pronounce an essential element of the State's proof.[2] There is no evidence in the record from any source that Appellant is the same person who was convicted of possession of marijuana and placed on community supervision. Nor is there anything in the record from which the trial court as factfinder could legitimately infer that Appellant was that person. From my reading of the record, no one asked if her name was Margaret Elizabeth Cherry, and no one testified that the person sitting at the counsel table was Margaret Elizabeth Cherry. No one testified that the person sitting at the counsel table was the same person convicted of possession of marijuana on July 8, 2004. No one testified that he or she even recognized the person sitting at the counsel table. No one read the motion to revoke on the record, and no one waived reading the motion. The person at the counsel table was not asked to enter a plea to the allegations in the motion, and she did not sua sponte enter a plea. She is never identified by name, date of birth, photograph, or fingerprint, or in any other manner.

Although one probation officer testified that he supervised the "Defendant in this cause, Margaret Elizabeth Cherry," he did not testify that she was in the courtroom

---

1. Tex.R. Evid. 605 ("The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point."); *see McGill v. State,* 200 S.W.3d 325, 329 (Tex.App.-Dallas 2006, no pet.) ("The evidence in this case indicates only that appellant was aware the State was seeking a deadly weapon finding. The trial judge at punishment commented that 'there was a gun' in the house where the drugs were found, but no evidence before us supports the comment.").

2. *See Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993) ("The State still must prove the identity of the probationer and that he or she violated the terms of the order of probation.").

or that he had any personal knowledge of her conviction or her being the person placed on community supervision. Appellant's agreement that she was previously arraigned on the motion to revoke is not an admission or even circumstantial evidence that she was previously convicted of the underlying offense and placed on community supervision, nor can the testimony of the probation officers support an inference that she is the same person who was originally placed on probation.

Nor could the trial court take judicial notice[3] of that "fact" because nothing in the record shows that "fact"—no photograph, no admission, no fingerprint that was properly identified, and nothing reflecting even that the trial judge remembered Appellant.[4] As our sister court pointed out in a similar case almost twenty years ago,

> In probation revocation proceedings, it is the state's burden to prove, by a preponderance of the evidence, that the probationer has committed a breach of her conditions of probation, and where the state fails to meet this burden, the trial court is without authority to revoke the probation involved. In the present case, the probation revocation hearing was held before the same judge, in the same court, which originally convicted McCowan and placed her on probation.

> In *Barrientez v. State*, [500 S.W.2d 474 (Tex.Crim.App.1973)] it was held that where the same judge presides over a criminal trial of a person who is on probation, and also presides at a subsequent motion to revoke probation hearing, the judge may take judicial notice of the evidence presented at the criminal trial and use that evidence as proof that the accused committed the offense at issue in the criminal trial when such offense is alleged as a basis for revoking probation. However, the rule announced in *Barrientez* has not been used to supply missing proof that the person before the court in the revocation hearing is the same person who was previously placed on probation. We decline to apply the rule in *Barrientez* to supply this missing evidence.[5]

I would likewise hold that the proof that Appellant is the same person who was previously placed on probation is absent, sustain Appellant's sole issue, and reverse the trial court's judgment. Because the majority does not, I respectfully dissent.

---

**3.** *See* Tex.R. Evid. 201.

**4.** *See Emenhiser v. State*, 196 S.W.3d 915, 923 (Tex.App.-Fort Worth 2006, pet. filed) ("The trial court took judicial notice of the fact that the trial judge had seen Bailey in the courtroom during testimony.").

**5.** *McCowan v. State*, 739 S.W.2d 652, 655 (Tex.App.-Beaumont 1987, pet. ref'd) (citations omitted).