COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                      NOS.
 2-08-230-CR

        2-08-231-CR

 

 

ERIC S. GARDNER, JR.                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction








The
State alleged Appellant Eric S. Gardner, Jr. violated a condition of his
deferred adjudication probation by possessing, with intent to deliver, four
grams or more, but less than 200 grams, of cocaine.  Appellant appeals the trial court=s order
granting the State=s motion to revoke his community
supervision. In his sole point, Appellant argues the trial court abused its
discretion by overruling Appellant=s
objection to the admission of evidence obtained by a warrantless search of his
person without his consent.  We will
reverse and remand.

Factual and Procedural Background

On May
6, 2004, Appellant received a ten-year deferred adjudication probation after
he pleaded guilty to two counts of possession of a controlled substance with
intent to deliver.  The terms
of appellant's probation required, among other things, that he not violate
state or federal laws.  

On
August 8, 2007, Fort Worth Police Officers Stepp and Parsons stopped a vehicle
after observing the car run a stop sign. 
Following the driver=s arrest
on an outstanding warrant, Officer Parsons asked Appellant, seated in the front
passenger seat, and the backseat passenger to step out of the car.[2]









After patting
down the backseat passenger, Officer Parsons searched Appellant=s
person.  Officer Parsons conducted
multiple, consecutive searches of Appellant. 
During the third search, Officer Parsons tugged on the side of Appellant=s shorts
and the button fastening the waistband popped off.  Officer Parsons ordered Appellant to put his
legs together and Appellant=s shorts
fell to the ground.  Officer Parsons then
reached into Appellant=s boxer shorts and removed three
small bags containing a white substance which Officer Stepp believed to be
cocaine.[3]  Appellant was arrested and charged with
possession of a controlled substance with intent to deliver.[4]  

On
January 14, 2008, the State filed a First Amended Petition to Proceed to
Adjudication alleging Appellant violated a provision of his community
supervision by possessing a controlled substance, cocaine of four grams or more
but less than 200 grams, with intent to deliver.[5]  The trial court conducted a hearing on May
21, 2008.  Appellant pleaded Anot true@ to the
allegations in the amended petition.   








Appellant
testified at the hearing that Officer Parsons did not request, nor did
Appellant grant, consent to search Appellant. 
Officer Stepp testified he observed Appellant=s hands
in the air during the search,[6]
andCduring
direct examinationCsaid he personally heard
Appellant consent to the search.  When
recalled to the stand by Appellant, Officer Stepp said he did not specifically
hear the question Officer Parsons posed to Appellant.  Officer Stepp also admitted he did not know
whether Appellant was consenting to a search:

Q.     Appellant=s Trial Attorney:  AMaybe [Officer Parsons] said, >Are you Eric Gardner?= and [Appellant] said, >Yeah.=@

 

A.     Officer Stepp:  AHe could
have.@   

Officer
Stepp did not recall how Appellant=s pants
fell to the ground, nor did Officer Stepp hear Officer Parsons say anything to
Appellant about conducting the search for the officers=
safety.  Officer Stepp also testified
that while he believed Officer Parsons heard or felt something in the search of
Appellant that caused him to further the search, Officer Stepp neither saw,
heard, nor felt any evidence on Appellant=s
person.  Officer Stepp responded to
Appellant=s final question as follows: 

Q.     Appellant=s Trial Attorney:  ASo you=re saying it was a consent to search, but you
didn=t hear the question and
you don=t know what the answer
was?@ 

 

A.     Officer Stepp:  AYes,
sir.@     








The
trial court overruled Appellant=s
objections to admitting the warrantless, non-consensual searchCand
search resultsCinto evidence.  The trial court adjudicated Appellant guilty
and sentenced him to two consecutive twenty-year terms in state prison.  On appeal, Appellant argues the court abused
its discretion by overruling his objections.  


Standards of Review

We
review an order revoking community supervision under an abuse of discretion
standard.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983); Cherry v. State, 215 S.W.3d 917, 919
(Tex. App.CFort Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  If the State fails to
meet its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493B94; Cherry, 215
S.W.3d at 919.  








The
trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony, and we review the evidence in the light
most favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Cherry, 215 S.W.3d at 919. 
When the record is silent on the reasons for the trial court=s
ruling, or when there are no explicit fact findings and neither party timely
requested findings and conclusions of the trial court, we imply the necessary
fact findings that would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.  State
v. Kelly, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006); see Amador v.
State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Wiede v. State,
214 S.W.3d 17, 25 (Tex. Crim. App. 2007). 


Consensual Search








Consent to search
is one of the well-established exceptions to the constitutional requirements of
both a warrant and probable cause.  Carmouche
v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (citing Schneckloth
v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043B44 (1973)).  To be valid, a consent to search must be
positive and unequivocal and must not be the product of duress or coercion,
either express or implied.  Allridge
v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991), cert. denied,
510 U.S. 831, 114 S. Ct. 101 (1993). 
Voluntary consent is not shown by a mere acquiescence to a claim of
lawful authority; rather, the trial court must look at the totality of the
circumstances to determine whether consent was given voluntarily.  Ohio v. Robinette, 519 U.S. 33, 39,
117 S. Ct. 417, 421 (1996); Reasor v. State, 12 S.W.3d 813, 818 (Tex.
Crim. App. 2000).  By reviewing the
circumstances prior to the search, the reaction of the accused, and any other
factor deemed relevant, a trial court can determine whether voluntary consent
occurred.  Reasor, 12 S.W.3d at
818.  The Federal Constitution requires
the State to prove voluntary consent by a preponderance of the evidence, but
the Texas constitution requires proof by clear and convincing evidence.  Carmouche, 10 S.W.3d at 331.

State Failed to Meet Consent Burden

The State was
required to prove by clear and convincing evidence that Appellant=s consent to a
search was both positive and unequivocal. 
Id.  In other words, the
State must prove Appellant left no doubt he consented to the search and that
his words expressing his consent were, viewing the totality of the
circumstances, capable of only one reasonable interpretation and free from
uncertainty.  See Reasor,
12 S.W.3d at 818; Allridge, 850 S.W.2d at 493; see also Black=s Law Dictionary
1667 (9th ed. 2000) (defining the term Aunequivocal@). 








In this
case, simply hearing Appellant say, AYeah,@ leaves
uncertainty, at a minimum, because there is no evidence of the question posed
to him.  Multiple reasonable
interpretations regarding the question Officer Parsons posed to Appellant are
possible.  See Thomas v. State,
No. 14‑99‑00949‑CR, 2000 WL 1785110, at *4 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d) (not
designated for publication) (holding appellant=s
statement to A[j]ust go@ in
response to officer=s consent to search was
equivocal in that a rational person might interpret it as permission to Ago ahead
and search@ or that she wanted the police
out of her home); but see U.S. v. Mendoza-Gonzalez, 318 F.3d 663, 667
(5th Cir. 1981), cert. denied, 538 U.S. 1049 (2003) (in upholding
search, noting that defendant=s
decision not to place any limitations in his response to officers= general
request is evidence of general consent to search).  By agreeing Appellant could have been
affirmatively responding to Officer Parson=s
inquiry, AAre you Eric Gardner?@,
Officer Stepp demonstrated that Appellant=s
response was subject to multiple, reasonable interpretations. 








Similarly,
Officer Stepp=s testimony that he observed
Appellant=s arms raised during the search
does not alleviate the uncertainty of whether Appellant positively and
unequivocably consented to the search.  See Tobin v. State, No. 02-07-00145-CR,
2008 WL 3877207 at *3 (Tex. App.CFort
Worth Aug. 21, 2008, no pet.) (mem. op., not designated for publication) (AVoluntary
consent is not shown by a mere acquiescence to a claim of lawful authority . .
. .@); see
also Reyes‑Perez v. State, 45 S.W.3d 312, 319 (Tex. App.CCorpus
Christi 2001, pet. ref=d) (holding officers=
testimony that they communicated with appellant solely by Ahand
gestures@ was
insufficient to constitute clear and convincing evidence of appellant=s
positive and unequivocal consent to the search).   

In Hamlin
v. State, the San Antonio Court of Appeals recently affirmed a trial court=s denial
of a motion to suppress evidence where the officer who requested Hamlin=s
consent to search testified that Hamlin replied, AYeah, I
don=t have a
problem with it.@[7]  No. 04B08-00257-CR,
2009 WL 856159, at *1 (Tex. App.CSan
Antonio April 1, 2009, no pet.) (mem. op., not designated for
publication).  The officer who requested
and obtained Hamlin=s consent further testified that
he never does a pat-down search without first asking for consent.  Id. at *1. 

Unlike Hamlin,
there is no testimony in this case by the officer who allegedly requested and
obtained Appellant=s unequivocable consent to
search Appellant=s person.  Nor does the record reveal any evidence that
Officer Parsons routinely requests consent before conducting a search.  Moreover, unlike Appellant=s
one-word response in this case, Hamlin=s
response limited the uncertainty of his meaning and provided evidence of his positive and
unequivocal consent to a search of his person.    








Even
giving almost total deference to the trial court=s ruling
and credibility determinations, the record before us does not reflect, by clear
and convincing evidence, that Appellant unequivocally consented to a search of
his person.  Aside from Officer Stepp=s conflicting
testimony, the record is devoid of any evidence indicating Officer Parsons
requested, and Appellant granted, consent to a search of Appellant=s
person.[8]  We hold that the State failed to establish by
clear and convincing evidence that Appellant positively and unequivocally
consented to a search of his person.  See
Allridge, 850 S.W.2d at 493.

The
trial court therefore abused its discretion by overruling Appellant=s
objection to admission of the evidence of the warrantless search and the items
found as a result of the warrantless search. 
We sustain Appellant=s sole
point.

Harm Analysis








Having
found error, we must determine whether Appellant was harmed by the admission of
the contraband.  Because the error
involved is of a constitutional magnitude,[9]
we must reverse unless we can determine beyond a reasonable doubt that the
error did not contribute to Appellant=s
conviction or punishment.  Tex. R. App.
P. 44.2(a)[10]; Hernandez v.
State, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001).  In applying the Aharmless error@ test, the primary
question is whether there is a Areasonable
possibility@ that the error might have contributed to
the adjudication of guilt.  Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).

Without the
contraband, the State could not have successfully revoked Appellant=s community
supervision.[11]  Therefore, we cannot say, beyond a reasonable
doubt, that the trial court=s error did not
contribute to the revocation of Appellant=s community
supervision.  Reyes-Perez v. State,
45 S.W.3d 312, 319B20 (Tex. App.CCorpus Christi
2001, pet. ref=d); see Veal v. State, 28 S.W.3d
832, 838 (Tex. App.CBeaumont 2000, no pet.); Villalobos v.
State, 999 S.W.2d 132, 136 (Tex. App.CEl Paso 1999, no
pet.).  Thus, the trial court=s error was
harmful. 

 








IV. Conclusion

We sustain
Appellant=s point, reverse the trial court=s judgment
revoking Appellant=s deferred adjudication community
supervision, and remand to the trial court for proceedings consistent with this
opinion.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Officer Parsons did not
testify at the hearing.  He was in
Kentucky attending his mother=s funeral.





[3]At the hearing, a
forensic scientist employed by the City of Fort Worth testified that, in her
opinion, the three bags of powder totaled 82.9 grams of cocaine hydrochloride.





[4]Appellant testified he
requested to have his shorts pulled up after he was handcuffed. Officers walked
Appellant to the patrol car and drove him to a police station before granting
his request.





[5]Nine days after the
hearing to revoke Appellant=s community supervision, the State dropped the
charge against Appellant of possession of a controlled substance with intent to
deliver.





[6]Appellant testified he
had his arms up because the officer asked him to get in a position so the
officer could search him.





[7]During trial, two
officers gave similar testimony that one officer requested and obtained Hamlin=s consent to search his
person, initiated the search, and found a controlled substance in Hamlin=s pocket.  The other officer completed the search,
finding more narcotics in Hamlin=s sock.





[8]In Tobin, this
Court considered the fact that the officer requesting the search never spoke to
appellant with a commanding or authoritative voice; instead, the officer
addressed appellant in a normal, conversational tone.  2008 WL 3877207 at *5.  There is no similar evidence in this case.





[9]The error involved is
constitutional because it implicates the right to be free of unreasonable
searches and seizures under the federal and state constitutions.  See U.S. Const. amend. IV, XIV; Tex.
Const. art. I, '  9.





[10]Texas Rule of Appellate
Procedure 44.2(a) provides: 

 

Constitutional
Error.  If the appellate record in a
criminal case reveals constitutional error that is subject to harmless error
review, the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error
did not contribute to the conviction or punishment.





[11]The State did not allege
Appellant violated any other term or condition of his probation other than
committing an offense against state or federal law.