# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NO. 2-09-047-CR

EARLY BROWN JR.                                       APPELLANT

V.

THE STATE OF TEXAS                                   STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single issue, Appellant Early Brown Jr. complains that the evidence was factually insufficient to support the trial court's revocation of his community supervision. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Background

In 2007, the trial court issued a protective order against Brown for the safety of his minor son and the child's mother, Kaley Allen.  Brown was subsequently arrested and charged with felony assault–family violence against Allen.  In March 2008, he pleaded guilty pursuant to a plea bargain and received a suspended sentence and community supervision for a period of ten years.[2]  In July and August 2008, the State moved to revoke his community supervision on a number of grounds.  Upon revocation, the trial court sentenced Brown to seven years' confinement and a $750 fine.  This appeal followed.

## III.  Analysis

Brown's sole complaint is that the evidence was factually insufficient to support revocation of his community supervision.

We review an order revoking community supervision under an abuse of discretion standard.  *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who

---

[2] The trial court originally sentenced Brown to ten years' confinement plus a $750 fine and court costs before suspending that sentence and placing Brown on community supervision.

is named in the judgment and order of community supervision and then must prove that the defendant violated a term of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).

In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Cherry*, 215 S.W.3d at 919; *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

This court has previously held that a factual sufficiency review is inapplicable to revocation proceedings. *See Cherry*, 215 S.W.3d at 919 (declining to address Cherry's factual sufficiency challenge to revocation of her community supervision and counting cases holding same). Conversely, the State has met its burden with respect to evidence of revocation when the greater weight of the evidence creates a reasonable belief of the necessary revocation elements. *Allbright*, 13 S.W.3d at 818–19. A finding of a single

violation of community supervision is sufficient to support revocation. *Id*. at 819.

The State alleged ten grounds in its amended motion to revoke Brown's community supervision. In its first ground, it alleged that Brown "intentionally or knowingly violate[d] the terms of [Allen's August 17, 2007 protective order] by intentionally or knowingly going to or near [her] residence."

At the revocation hearing, Brown testified that he went to Allen's apartment in violation of the protective order on June 19, 2008.[3] Brown also admitted to other violations of his community supervision that were alleged in the State's first amended motion to revoke community supervision, including approaching Allen on July 8, 2008, in violation of the protective order, and failing to complete an alcohol and drug evaluation and his counseling classes, which he attributed to "everything [that] happened at the time between [Asagba, Allen's boyfriend] and [Brown]," i.e., a brawl that he blamed on Asagba that occurred on July 8, 2008 (another of the State's revocation allegations). He attempted to excuse his failure to pay community supervision

---

[3] Allen testified that she was at the apartment pool when Brown went to her apartment, that her mother was in the apartment, and that Brown and her mother then went out to the pool area, arguing. Her mother called the police. Allen testified that Brown was about five feet away from her when he came out to the pool area.

4

fees by stating "[t]hat was due to me being wanted [for the assault on Asagba], I was trying to save my money . . . [so] I can bond out of jail[.]" The trial court found true all of the allegations in the State's first amended motion to revoke community supervision.

Brown argues that the State failed to prove that he violated the protective order because Allen induced him to violate it. Although he attempts to analogize to the defense of "entrapment" (while acknowledging that he cannot legally rely on the defense here), Brown cites no authority to support his argument that "the law should not allow Ms. Allen, or someone similarly situated, to encourage the commission of criminal conduct and subsequently complain of its commission." To the contrary, the protective order itself sets out the warnings required under section 85.026 of the family code, including the following statement:

> NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

*See* Tex. Fam. Code Ann. § 85.026 (Vernon 2008); *see also* Tex. Penal Code Ann. § 25.07(d) (Vernon Supp. 2009) ("Reconciliatory actions or agreements made by persons affected by [a protective] order do not affect the validity of

the order or the duty of a peace officer to enforce this section."). Brown's admissions, as well as Allen's testimony about the June 19, 2008 protective order violation, were sufficient to support the trial court's decision to revoke his community supervision. *See Allbright*, 13 S.W.3d at 818–19. We overrule Brown's single issue.

## IV. Conclusion

Having overruled Brown's issue, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2009