COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-09-047-CR

 

 

EARLY BROWN JR.                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 16TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In a single issue, Appellant Early Brown Jr.
complains that the evidence was factually insufficient to support the trial
court=s
revocation of his community supervision. 
We affirm.

 








II. 
Background

In 2007, the trial court issued a protective
order against Brown for the safety of his minor son and the child=s
mother, Kaley Allen.  Brown was
subsequently arrested and charged with felony assaultBfamily
violence against Allen.  In March 2008,
he pleaded guilty pursuant to a plea bargain and received a suspended sentence
and community supervision for a period of ten years.[2]  In July and August 2008, the State moved to
revoke his community supervision on a number of grounds.  Upon revocation, the trial court sentenced
Brown to seven years= confinement and a $750
fine.  This appeal followed.

III. 
Analysis

Brown=s sole
complaint is that the evidence was factually insufficient to support revocation
of his community supervision.








We review an order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant is the same
individual who is named in the judgment and order of community supervision and
then must prove that the defendant violated a term of community supervision as
alleged in the motion to revoke.  Cobb
v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).

In a community supervision revocation hearing,
the trial judge is the sole trier of fact and determines the credibility of the
witnesses and the weight to be given their testimony.  Cherry, 215 S.W.3d at 919; Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.CFort
Worth 2000, pet. ref=d).  We review the evidence in the light most
favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at 493;
Cherry, 215 S.W.3d at 919.  If the
State fails to meet its burden of proof, the trial court abuses its discretion
by revoking the community supervision.  Cardona,
665 S.W.2d at 493B94.








This court has previously held that a factual
sufficiency review is inapplicable to revocation proceedings.  See Cherry, 215 S.W.3d at 919
(declining to address Cherry=s
factual sufficiency challenge to revocation of her community supervision and
counting cases holding same). 
Conversely, the State has met its burden with respect to evidence of
revocation when the greater weight of the evidence creates a reasonable belief
of the necessary revocation elements.  Allbright,
13 S.W.3d at 818B19.  A finding of a single violation of community
supervision is sufficient to support revocation.  Id. at 819. 

The State alleged ten grounds in its amended
motion to revoke Brown=s community supervision.  In its first ground, it alleged that Brown Aintentionally
or knowingly violate[d] the terms of [Allen=s August
17, 2007 protective order] by intentionally or knowingly going to or near [her]
residence.@








At the revocation hearing, Brown testified that
he went to Allen=s apartment in violation of the
protective order on June 19, 2008.[3]  Brown also admitted to other violations of
his community supervision that were alleged in the State=s first
amended motion to revoke community supervision, including approaching Allen on
July 8, 2008, in violation of the protective order, and failing to complete an
alcohol and drug evaluation and his counseling classes, which he attributed to Aeverything
[that] happened at the time between [Asagba, Allen=s
boyfriend] and [Brown],@ i.e., a brawl that he blamed on
Asagba that occurred on July 8, 2008 (another of the State=s
revocation allegations).  He attempted to
excuse his failure to pay community supervision fees by stating A[t]hat
was due to me being wanted [for the assault on Asagba], I was trying to save my
money . . . [so] I can bond out of jail[.]@  The trial court found true all of the
allegations in the State=s first amended motion to revoke
community supervision. 

Brown argues that the State failed to prove that
he violated the protective order because Allen induced him to violate it.  Although he attempts to analogize to the
defense of Aentrapment@ (while
acknowledging that he cannot legally rely on the defense here), Brown cites no
authority to support his argument that Athe law
should not allow Ms. Allen, or someone similarly situated, to encourage the
commission of criminal conduct and subsequently complain of its commission.@  To the contrary, the protective order itself
sets out the warnings required under section 85.026 of the family code,
including the following statement: 

NO PERSON, INCLUDING A
PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE
OR VIOLATE ANY PROVISION OF THIS ORDER. 
DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS
ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

 








See Tex. Fam. Code Ann. ' 85.026
(Vernon 2008); see also Tex. Penal Code Ann. ' 25.07(d)
(Vernon Supp. 2009) (AReconciliatory actions or
agreements made by persons affected by [a protective] order do not affect the
validity of the order or the duty of a peace officer to enforce this section.@).  Brown=s
admissions, as well as Allen=s
testimony about the June 19, 2008 protective order violation, were sufficient
to support the trial court=s
decision to revoke his community supervision. 
See Allbright, 13 S.W.3d at 818B19.  We overrule Brown=s single
issue.

IV. 
Conclusion

Having overruled Brown=s issue,
we affirm the trial court=s judgment.

 

PER
CURIAM

 

PANEL: MCCOY, GARDNER,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 31,
2009

 











[1]See Tex. R. App. P. 47.4.





[2]The trial court
originally sentenced Brown to ten years= confinement plus a $750 fine and court costs
before suspending that sentence and placing Brown on community supervision.





[3]Allen testified that she
was at the apartment pool when Brown went to her apartment, that her mother was
in the apartment, and that Brown and her mother then went out to the pool area,
arguing.  Her mother called the police.
Allen testified that Brown was about five feet away from her when he came out
to the pool area.