02-11-107-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00107-CR

 

 


 
 
 Romie Lee Edwards
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In
one point, Appellant Romie Lee Edwards appeals the revocation of his community
supervision.  We affirm.

II. 
Factual and Procedural Background

Edwards pleaded guilty to injury to a child (his daughter) in exchange
for six years of confinement, suspended for six years’ community supervision.  His
community supervision included the following conditions:  (1) complete a sex
offender evaluation and then sex offender treatment if recommended; (2) have no
unchaperoned contact with the complainant; (3) work at suitable employment; and
(4) pay court costs and supervision fees.  The State subsequently filed a
petition to revoke based on the four conditions set out above, and Edwards
pleaded true to violating all four.

At
the revocation hearing, Edwards testified that he was disabled and that he had
failed to complete the sex offender evaluation because he could not pay the fee.
 He said that he had failed to pay his court and supervision fees because he
was unemployed and his Supplemental Security Income benefits had not been
reinstated since his release from jail.  Additionally, he testified that his first
post-conviction contact with his daughter occurred when he went to see her at
her mother’s house, that he had thought it was chaperoned because her mother
was present, and that he had misunderstood that chaperone meant someone ordered
by the court.  His second contact with his daughter was at his sister’s house
when his sister brought his daughter home with her unannounced.  He also
admitted that he had spoken with his daughter on the phone.

The
trial court found that Edwards violated all four conditions and sentenced him
to six years’ confinement.  This appeal followed.

III. 
Revocation

We
review an order revoking community supervision for an abuse of discretion.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref’d).  A single plea of
true, standing alone, is sufficient to support the revocation of community
supervision, as is proof by a preponderance of the evidence of any one of the
alleged violations.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. [Panel Op.] 1980); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim.
App. [Panel Op.] 1979).

In
his single point, Edwards complains that “[t]he trial judge abused her
discretion when she revoked appellant’s probation for failure to attend and
complete sex offender treatment as a condition of his probation for a non-sex
offense.”  The bottom line of Edwards’s argument is that Ex parte Evans,
338 S.W.3d 545 (Tex. Crim. App. 2011), should be expanded in its application from
parolees to probationers.[2]

We
first note that Edwards was not required under the terms of his community
supervision to receive sex offender treatment but rather to complete a sex
offender evaluation.  Second, we need not reach Edwards’s point because the
State sought revocation for the violation of four conditions of Edwards’s
community supervision.  Edwards pleaded true to all four violations and does
not challenge the trial court’s findings on the other three violations.  Hence,
we hold that the trial court did not abuse its discretion by revoking Edwards’s
community supervision based on his “true” plea to the three unchallenged
allegations, and we overrule his sole point.  See Moore, 605
S.W.2d at 926; Cole, 578 S.W.2d at 128.

IV. 
Conclusion

Having
overruled Edwards’s sole point, we affirm the trial court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 8, 2012









[1]See Tex. R. App. P. 47.4.





[2]In Evans, the court
held that a parolee previously released on discretionary mandatory supervision
was entitled to due process protections before being required by the parole
board to meet certain additional sex offender conditions when he had not been
convicted of a sex offense.  338 S.W.3d at 553–54.