

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00107-CR

ROMIE LEE EDWARDS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In one point, Appellant Romie Lee Edwards appeals the revocation of his community supervision.  We affirm.

## II.  Factual and Procedural Background

Edwards pleaded guilty to injury to a child (his daughter) in exchange for six years of confinement, suspended for six years' community supervision.  His

---

[1]See Tex. R. App. P. 47.4.

community supervision included the following conditions: (1) complete a sex offender evaluation and then sex offender treatment if recommended; (2) have no unchaperoned contact with the complainant; (3) work at suitable employment; and (4) pay court costs and supervision fees. The State subsequently filed a petition to revoke based on the four conditions set out above, and Edwards pleaded true to violating all four.

At the revocation hearing, Edwards testified that he was disabled and that he had failed to complete the sex offender evaluation because he could not pay the fee. He said that he had failed to pay his court and supervision fees because he was unemployed and his Supplemental Security Income benefits had not been reinstated since his release from jail. Additionally, he testified that his first post-conviction contact with his daughter occurred when he went to see her at her mother's house, that he had thought it was chaperoned because her mother was present, and that he had misunderstood that chaperone meant someone ordered by the court. His second contact with his daughter was at his sister's house when his sister brought his daughter home with her unannounced. He also admitted that he had spoken with his daughter on the phone.

The trial court found that Edwards violated all four conditions and sentenced him to six years' confinement. This appeal followed.

### III. Revocation

We review an order revoking community supervision for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);

*Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). A single plea of true, standing alone, is sufficient to support the revocation of community supervision, as is proof by a preponderance of the evidence of any one of the alleged violations. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

In his single point, Edwards complains that "[t]he trial judge abused her discretion when she revoked appellant's probation for failure to attend and complete sex offender treatment as a condition of his probation for a non-sex offense." The bottom line of Edwards's argument is that *Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011), should be expanded in its application from parolees to probationers.[2]

We first note that Edwards was not required under the terms of his community supervision to receive sex offender treatment but rather to complete a sex offender evaluation. Second, we need not reach Edwards's point because the State sought revocation for the violation of four conditions of Edwards's community supervision. Edwards pleaded true to all four violations and does not challenge the trial court's findings on the other three violations. Hence, we hold

---

[2]In *Evans*, the court held that a parolee previously released on discretionary mandatory supervision was entitled to due process protections before being required by the parole board to meet certain additional sex offender conditions when he had not been convicted of a sex offense. 338 S.W.3d at 553–54.

that the trial court did not abuse its discretion by revoking Edwards's community supervision based on his "true" plea to the three unchallenged allegations, and we overrule his sole point. *See Moore*, 605 S.W.2d at 926; *Cole*, 578 S.W.2d at 128.

## IV. Conclusion

Having overruled Edwards's sole point, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 8, 2012