COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TYRIC HARDY, | § | No. 08-21-00074-CR |
| Appellant, | § | Appeal from the |
| v. | § | 184th District Court |
| THE STATE OF TEXAS, | § | of Harris County, Texas |
| Appellee. | § | (160582101010) |

## **O P I N I O N**

Appellant, Tyric Hardy, appeals the trial court's judgment adjudicating him guilty of theft of a firearm, a state jail felony; deadly conduct, a third-degree felony; and possession of amphetamine, 1>4 grams, a third-degree felony, and sentencing him to four consecutive years' confinement in each of the third-degree felony cases and seven months' confinement in the state jail felony case.[1] In his sole issue on appeal, Appellant argues the trial court abused its discretion in revoking his community supervision for violating the condition that he not possess or transport a firearm or ammunition because the State failed to prove Appellant knowingly possessed the handgun. We affirm.

---

[1] Appellant challenges his conviction in three separate appeals—08-21-00074-CR, 08-21-00075-CR, and 08-21-00076-CR. We address each appeal separately, and this appeal solely addresses appellate cause number 08-21-00074-CR. Additionally, this case was transferred from the Fourteenth Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourteenth Court of Appeals to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

## BACKGROUND

### *Factual History & Procedural Background*

On October 31, 2018, Appellant was indicted in two separate cases on charges of theft of a firearm—a state jail felony—and deadly conduct—a third-degree felony—both alleged to have occurred on September 20, 2018. On January 28, 2019, Appellant pled guilty on both charges, and the court placed him on deferred adjudication probation for four years.

On May 12, 2020, Appellant was indicted on a charge of possession of amphetamine, 1>4 grams—a third-degree felony offense—alleged to have occurred on April 6, 2020. On July 22, 2020, Appellant pled guilty to the possession of amphetamine charge. Pursuant to a plea agreement, the court placed Appellant on deferred adjudication probation for four years and continued the previous deferred adjudication probation with amended conditions.

On February 2, 2021, the State moved to adjudicate Appellant's guilt in all three cases alleging Appellant possessed and transported a firearm and ammunition in violation of his community supervision agreement. At a hearing on April 26, 2021, the trial court adjudicated Appellant guilty in all three cases, assessing concurrent sentences of four years' confinement in each of the third-degree felony cases and seven months' confinement in the state jail felony case. This appeal followed.

### *Robicheaux's Testimony*

At the revocation hearing, Sheriff Deputy Anthony Robicheaux testified that on January 20, 2021, Robicheaux pulled Appellant over when Appellant failed to stop at a red light before making a right turn and failed to turn into the first lane. Appellant was driving and his brother was in the front passenger seat. There were no other passengers in the vehicle.

Upon smelling marijuana in the vehicle, Robicheaux asked Appellant to step out of the

2

vehicle, at which point, he placed Appellant in the back of his police car. Robicheaux then asked Appellant's brother to step out of the vehicle and placed him in the back of his police car so Officer Robicheaux could search the vehicle. Upon searching the vehicle, Robicheaux found marijuana flakes on the floor of the driver's area and found a stolen, loaded handgun "positioned on the back right floorboard closer to the center console area . . . on the left side of the passenger's seat." The handgun was within Appellant's reach.

The trial court found Appellant possessed and transported a firearm and ammunition in violation of the term of his community supervision agreement indicating that Appellant would "[n]ot ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition, or attempt to ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition."

## DISCUSSION

In his sole issue, Appellant contends the evidence failed to prove he knowingly possessed or transported a handgun. Appellant argues because the handgun was found on the rear passenger-side floor, out of his plain view, and within reach of a passenger who was left unattended after Appellant had been removed from the vehicle, the State failed to meet its burden of proof. We disagree.

### *Standard of Review*

We examine the trial court's decision to revoke community supervision using an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex.Crim.App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). A trial court abuses its discretion in revoking community supervision "when the trial judge's decision was so clearly wrong [regarding the State's failure to meet its burden of proof] as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992); *see also*

3

*Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex.Crim.App. 1984).

At a probation revocation hearing, the State must prove the truth of the community supervision violation by a preponderance of the evidence, *i.e.*, "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865, (*quoting Rickels*, 202 S.W.3d at 764); *Cobb v. State*, 851 S.W.2d 851, 874 (Tex.Crim.App. 1993).

As the trier of fact in a community supervision revocation hearing, the trial court is the sole judge of witness credibility and ultimate decisionmaker as to weight of the testimony. *Hacker*, 389 S.W.3d at 865. This Court must review the evidence in a light most favorable to the trial court's ruling. *Cherry v. State*, 215 S.W.3d 917, 919 (Tex.App.—Fort Worth 2007, pet. ref'd).

### *Analysis*

Appellant contends the State was required to prove he *knowingly* possessed or transported the handgun, and in support thereof, cites to various cases in which individuals were criminally convicted of firearm possession. However, the community supervision term at issue is not a violation of a firearm or ammunition possession offense, which would include the elements of that particular offense, nor is it a criminal prosecution for possession or transport of a firearm or ammunition, as in the cases relied on by Appellant.

Here, the language of the community supervision term does not specify a *mens rea* standard; it simply prohibits possession and transport of a firearm and ammunition—"Not ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition, or attempt to ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition." When the community supervision term does not specify a *mens rea* requirement, the State is not required to prove intentional conduct. *See Stanfield v. State*, 718 S.W.2d 734, 738 (Tex.Crim.App. 1986)

4

(finding probationer had *statutorily* required intent of nonpayment of fees in violation of the terms of his probation); *Smith v. State*, No. 06-12-00065-CR, 2013 WL 238883, at *3 (Tex.App.—Texarkana Jan. 23, 2013, no pet.)(mem. op., not designated for publication)(noting that, except for nonpayment of fees, no duty to prove intentional conduct where intentional conduct not specified in community supervision condition); *Cano v. State*, No. 01-00-01210-CR, 2001 WL 1098023, at *1 (Tex.App.—Houston [1st Dist.] Sept. 21, 2021, no pet.)(mem. op., not designated for publication)(concluding no duty to prove intentional conduct regarding a failure to report violation).

Moreover, Robicheaux testified he found a loaded handgun in the vehicle Appellant was driving. He further testified the handgun was within Appellant's reach. Pursuant to the community supervision agreement, Appellant was prohibited from possessing or transporting a firearm and ammunition. A loaded, stolen firearm was within Appellant's reach in the vehicle Appellant was driving. The mere fact a firearm was found in a vehicle Appellant was in, regardless of its placement, violates his community supervision by possessing or transporting a firearm, loaded or not and stolen or not. Although Appellant's brother was also in the vehicle, we cannot say the trial court abused its discretion in finding, by a preponderance of the evidence, Appellant violated his community supervision agreement. Issue One is overruled.

## CONCLUSION

Finding no reversible error, the trial court's judgment is affirmed.[2]

---

[2] The clerk's record contains two certifications of the right to appeal, one of which does not appear to contain the signature of the defendant or his counsel. As such, out of an abundance of caution, this Court ORDERS Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P.48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX.R.APP.P. 48.4.

April 25, 2022                                    YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)