

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CELESTE MARIE SALINAS, | § | No. 08-24-00147-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Crane County, Texas |
| Appellee. | § | (TC# 2009) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Appellant Celeste Marie Salinas appeals the trial court's judgment revoking community supervision and imposing a sentence of two years' confinement. In a single issue, Salinas contends the State failed to prove by a preponderance of the evidence that she violated a term of her probation. We affirm.

## I. BACKGROUND

On December 7, 2023, Salinas pleaded guilty to possession of methamphetamine in an amount less than one gram. *See* Tex. Health & Safety Code Ann. § 481.115. The trial court signed a judgment of conviction and placed her on community supervision for a term of five years with an underlying sentence of two years. A month later, the State filed a motion to revoke probation,

alleging Salinas violated a condition of her probationary terms by committing a new offense of possession of a controlled substance, on or about December 24, 2023.

The case proceeded to a hearing. After Salinas pleaded not true to the allegation, the State presented testimony from three witnesses. Mylissa Taylor, a community supervision officer, testified she had been assigned to monitor Salinas's probation compliance beginning on December 12, 2023. Taylor reviewed the terms and conditions of supervision with Salinas and she indicated she understood the terms. Taylor soon learned that Salinas had been arrested on December 24, 2023. Once she obtained a police report, she provided information leading to the filing of a motion to revoke. Taylor later received a letter from Salinas advising her of her arrest and inability to report.

The State next called Alan Galindo and Keith Hinojos, two deputies with the Ector County Sheriff's Office, who were dispatched to a call on the night of Salinas's arrest. The officers were working the night shift and received a dispatch between 8:30 and 8:45 p.m. It was a call referencing a suspicious vehicle parked at an elementary school. Once they arrived, they located the vehicle in the east parking lot. It was the only car parked in the empty lot. Galindo parked the patrol vehicle on the driver's side of the parked vehicle. He approached the passenger side while Hinojos approached the driver's side. Galindo viewed one occupant in the vehicle, a female, who was sleeping in the driver's seat. On the passenger seat, he viewed a clear Ziploc baggie containing a crystal-like substance. Based on his training and experience, he suspected the baggie contained methamphetamine. Notably, when he shined his flashlight, he saw that the substance inside had a "crystal-like glare," and it was not powdery like other substances.

Galindo notified Hinojos about what he saw on the passenger seat. At that point, Hinojos approached the female, who was later identified as Salinas, and woke her up. He removed her from

the vehicle and directed her towards the front of the patrol vehicle. Galindo noticed she was trembling, had trouble speaking, and she needed their assistance to walk. While Hinojos spoke to her, Galindo inspected the substance found on the passenger seat. He found and collected the baggie containing this crystal-like substance, a glass pipe he referred to as a "meth pipe," and several other items, all of which he placed in the back of the patrol unit.[1] Hinojos testified that, while he spoke to Salinas, she "openly admitted" there was methamphetamine and marijuana in the vehicle. She was placed under arrest for possession of a controlled substance. The deputies observed a change in Salinas's demeanor following her booking. She spoke more clearly and walked without assistance.

Salinas testified in her own defense contending she did not remember having a conversation with Hinojos on the night she was arrested. She also did not remember whether or not she was informed of her *Miranda* rights.[2] She further testified she had her "medicine bag" with her on the night of the incident, which contained prescribed medicine, Gabapentin, prescribed for injuries she sustained in a car crash years prior. She explained that she did not like the medicine because it was "too strong." Salinas testified that, on the night of her arrest, she was driving and pulled into the parking lot so she could take her medicines. She also described that she could not keep her eyes open. She turned off the car engine, put her keys on the dashboard, and called her daughter to pick her up as she was scared to drive. She believed her prescribed medicine had been too strong for her.

---

[1] Hinojos testified did not conduct any field testing of the substance. Instead, the substance was sent to the DPS lab. At the time of the revocation hearing, the deputies had not yet learned of the lab results.

[2] Hinojos testified that he did not *Mirandize* Salinas. Besides the mention of it, this was not otherwise made an issue during the revocation hearing or on appeal.

She testified she had not taken methamphetamine on the day of her arrest and she did not know what substance was found in the bag located in her car. Salinas confirmed that no other person had used her car in the prior 48 hours, and she did not know how the methamphetamine or pipe got into her car. Salinas did not recall telling the officers that she lived in her car. She denied that she lived in the vehicle. Salinas testified she knew she was on probation but did not recall being told she could not get arrested again while on supervision.

Following the presentation of evidence, the trial court found that Salinas had violated the conditions of her community supervision. The trial court signed a judgment revoking community supervision and sentenced Salinas to two years' confinement with the Texas Department of Criminal Justice, State Jail Division. This appeal followed.

## II. Discussion

In her sole issue on appeal, Salinas contends the trial court abused its discretion in revoking probation based on its finding of "true," that she had violated condition one of her supervision terms.

### A. Standard of review

We review the trial court's decision to revoke community supervision for an abuse of discretion, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (en banc).

"The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc). "In the probation-

revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).

A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to revoke community supervision is not the same as a criminal offense. *Hacker*, 389 S.W.3d at 864–65. A defendant may be acquitted of a criminal offense and still have his community supervision revoked based on the same act because the standard of proof in a revocation proceeding is proof by a preponderance of the evidence, rather than beyond a reasonable doubt, as in a criminal trial. *See Polk v. State*, 729 S.W.2d 749, 750 n.1 (Tex. Crim. App. 1987) (en banc).

In a community supervision revocation proceeding, the trial court is the trier of fact and the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker*, 389 S.W.3d at 865. "We review the evidence in the light most favorable to the court's ruling." *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). "If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984) (en banc)).

**B. Analysis**

The State's motion alleged that Salinas "committed the offense of POSSESSION CS PG 1/1-b <1G (SJF) on or about the 24th day of December 2023." A person commits the offense of possession of a controlled substance if the person knowingly or intentionally possesses a controlled substance listed in penalty group 1 or 1-B  which, by aggregate weight including adulterants or

5

dilutants, weighs less than one gram.[3] *See* Tex. Health & Safety Code Ann. § 481.115(a), (b). To find the allegation true in a revocation proceeding, the trial court need only find the elements of the offense to have been met by a preponderance of the evidence. *Cobb*, 851 S.W.2d at 874.

Salinas contends the trial court abused its discretion in finding the sole allegation to be true because she did not have the intent to possess a controlled substance. She asserts she did not know that methamphetamine was in her vehicle and that she was under the influence of her prescription medication and did not recall her conversation with law enforcement. In support of her argument, Salinas points to her testimony that she denied the existence of methamphetamine in her vehicle, she did not know how the methamphetamine and pipe got in her vehicle, and that she did not remember telling the Sherriff's officers that she had methamphetamine and marijuana in the car.

On review, we recognize the trial court is the sole judge of the credibility of witnesses and determines the weight to be given their testimony. *See Hacker*, 389 S.W.3d at 865; *Cherry*, 215 S.W.3d at 919. The record shows the trial court heard Salinas deny that she had taken methamphetamine and denied knowing the drugs were in her vehicle. It was free to disbelieve her testimony and credit the testimony of the sheriffs' deputies who testified they located, inside her vehicle, openly laying on the front passenger seat while she was the sole occupant, a baggie filled with a crystal-like substance and a glass "meth pipe." The deputies recognized the substance to be methamphetamine based on their training and experience. Additionally, the deputies testified that Salinas admitted to them on the scene that she possessed "methamphetamine" and "marijuana."

Viewed in the light most favorable to the trial court's ruling and deferring to the trial court's determinations concerning the credibility of witnesses, and the weight to be given their testimony, the evidence established by a preponderance of the evidence that Salinas intentionally and

---

[3] The drug of methamphetamine is listed in Penalty Group 1. *See* Tex. Health & Safety Code & 481.102(6).

knowingly possessed a controlled substance as alleged by the State's motion to revoke. Thus, we cannot say the trial court abused its discretion in finding by a preponderance of the evidence that Salinas violated her probation.

We overrule Salinas' sole issue.

### III. CONCLUSION

We affirm.


GINA M. PALAFOX, Justice


April 24,2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)