

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-142-CR

RICHARD GUADALUPE CAMPOS                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Richard Guadalupe Campos asserts that the trial court erred by adjudicating him guilty and revoking his community supervision. We affirm.

### II. Factual and Procedural History

In April 2007, Campos pleaded guilty to the felony offense of attempted burglary of a habitation, and the trial court placed him on three years' community

---

[1] *See* Tex. R. App. P. 47.4.

supervision.  The State filed a petition to proceed to an adjudication of guilt in May 2008 that alleged Campos had violated the terms of his community supervision (1) by intentionally or knowingly leaving the scene of an accident without giving his name and address to any person and without rendering reasonable assistance to an injured person (Paragraph One) and (2) by using marijuana (Paragraph Two).  By filing amended petitions to proceed to an adjudication of guilt, the State subsequently added allegations of additional marijuana use (Paragraph Two) and two instances of failing to avoid persons and places of disreputable or harmful character (Paragraphs Three and Four).  Campos pleaded not true to Paragraphs One and Three and true to Paragraphs Two and Four.

After conducting an evidentiary hearing, the trial court found Paragraphs One and Two to be true, found Paragraphs Three and Four[2] to be not true, and sentenced Campos to three years' confinement.  This appeal followed.

### III. Revocation of Community Supervision

In one point, Campos argues that the State failed to prove by a preponderance of the evidence that he violated his probation by leaving the scene of an accident without giving his name and address to any person and without rendering reasonable assistance to an injured person.

### A. Standard of Review

---

[2] The trial court found Paragraph Four to be not true despite Campos's plea of true.

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

**B. Community Supervision—Plea of True**

A single plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, pet. ref'd). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## C. Analysis

Campos argues that his adjudication of guilt should be reversed because the trial court erred by finding that he intentionally or knowingly left the scene of an accident without rendering assistance and without giving his name and address to any person. But Campos pleaded true to violating the terms of his community supervision by using marijuana. This plea of true, standing alone, was sufficient to support the trial court's judgment. *See Cole*, 578 S.W.2d at 128; *Battles*, 626 S.W.2d at 150; *see also Ramos v. State*, No. 02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. stricken) (mem. op., not designated for publication). Moreover, to the extent Campos argues that he received a longer sentence than he would have received had the trial court not found Paragraph One to be true, Campos points to no evidence in the record that the trial court would have considered a lesser sentence in the absence of a true finding to Paragraph One. Nor has Appellant explained how a sentence of three years' confinement was an excessive sentence for the underlying offense of attempted burglary of a habitation.[3] We therefore hold that the trial court did not abuse its discretion by revoking Campos's community supervision and sentencing him to three years' confinement. We overrule Campos's sole point.

## IV. Conclusion

---

[3] A third-degree felony has a statutory punishment range of two to ten years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon Supp. 2009).

4

Having overruled Campos's sole point, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  MCCOY and MEIER, JJ., and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment)

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 29, 2010