COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-142-CR

 

 

RICHARD GUADALUPE
CAMPOS                                                      APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. Introduction

In
one point, Appellant Richard Guadalupe Campos asserts that the trial court
erred by adjudicating him guilty and revoking his community supervision.  We affirm.

II. Factual and Procedural History








In
April 2007, Campos pleaded guilty to the felony offense of attempted burglary
of a habitation, and the trial court placed him on three years=
community supervision.  The State filed a
petition to proceed to an adjudication of guilt in May 2008 that alleged Campos
had violated the terms of his community supervision (1) by intentionally or
knowingly leaving the scene of an accident without giving his name and address
to any person and without rendering reasonable assistance to an injured person
(Paragraph One) and (2) by using marijuana (Paragraph Two).  By filing amended petitions to proceed to an
adjudication of guilt, the State subsequently added allegations of additional
marijuana use (Paragraph Two) and two instances of failing to avoid persons and
places of disreputable or harmful character (Paragraphs Three and Four).  Campos pleaded not true to Paragraphs One and
Three and true to Paragraphs Two and Four.

After
conducting an evidentiary hearing, the trial court found Paragraphs One and Two
to be true, found Paragraphs Three and Four[2]
to be not true, and sentenced Campos to three years=
confinement.  This appeal followed.

III. Revocation of Community Supervision

In
one point, Campos argues that the State failed to prove by a preponderance of
the evidence that he violated his probation by leaving the scene of an accident
without giving his name and address to any person and without rendering
reasonable assistance to an injured person.

A. Standard of Review








We
review an order revoking community supervision under an abuse of discretion
standard.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983); Cherry v. State, 215 S.W.3d 917, 919
(Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Cherry, 215 S.W.3d at 919. 
If the State fails to meet its burden of proof, the trial court abuses
its discretion by revoking the community supervision.  Cardona, 665 S.W.2d at 493B94.

B. Community SupervisionCPlea
of True

A
single plea of true, standing alone, is sufficient to support the revocation of
community supervision.  Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Battles v. State,
626 S.W.2d 149, 150 (Tex. App.CFort
Worth 1981, pet. ref=d).  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980).








C. Analysis

Campos
argues that his adjudication of guilt should be reversed because the trial
court erred by finding that he intentionally or knowingly left the scene of an
accident without rendering assistance and without giving his name and address
to any person.  But Campos pleaded true
to violating the terms of his community supervision by using marijuana.  This plea of true, standing alone, was
sufficient to support the trial court=s
judgment.  See Cole, 578 S.W.2d at
128; Battles, 626 S.W.2d at 150; see also Ramos v. State, No.
02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.CFort
Worth Apr. 16, 2009, pet. stricken) (mem. op., not designated for
publication).  Moreover, to the extent
Campos argues that he received a longer sentence than he would have received
had the trial court not found Paragraph One to be true, Campos points to no
evidence in the record that the trial court would have considered a lesser
sentence in the absence of a true finding to Paragraph One.  Nor has Appellant explained how a sentence of
three years=
confinement was an excessive sentence for the underlying offense of attempted
burglary of a habitation.[3]  We therefore hold that the trial court did
not abuse its discretion by revoking Campos=s
community supervision and sentencing him to three years=
confinement.  We overrule Campos=s
sole point.

IV. Conclusion








Having
overruled Campos=s sole point, we affirm the
trial court=s
judgment.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL:  MCCOY and MEIER, JJ., and DIXON W. HOLMAN
(Senior Justice, Retired, Sitting by Assignment)

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P.
47.4.





[2]The trial court found
Paragraph Four to be not true despite Campos=s plea of true.





[3]A third-degree felony
has a statutory punishment range of two to ten years and a fine not to exceed
$10,000.  Tex. Penal Code Ann. ' 12.34 (Vernon
Supp. 2009).