

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00173-CR

KENNETH WAYNE DOUGLAS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Kenneth Wayne Douglas appeals the trial court's denial of his motion to rescind revocation of community supervision. We affirm.

### Background Facts

Mr. Douglas pleaded guilty to sexual assault in November 2006. The trial court entered an order of deferred adjudication and placed him on community supervision for ten years.

------------

[1]*See* Tex. R. App. P. 47.4.

On March 24, 2009, the State filed a petition to proceed to adjudication alleging twelve violations of the conditions of community supervision by Mr. Douglas. Mr. Douglas pleaded "not true" to all allegations and after a hearing, the trial court found ten alleged violations to be true. The trial court found Mr. Douglas guilty of sexual assault and revoked his community supervision. On March 31, 2010, the trial court sentenced Mr. Douglas to 18 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Mr. Douglas filed a motion to rescind the revocation of community supervision in the trial court. The trial court denied the motion and Mr. Douglas filed this appeal.

Mr. Douglas was required by the conditions of his community supervision, among other things, not to "purchase, possess, access, or view sexually explicit visual or audio material on any medium;" not to "possess, own, distribute, purchase or view any . . . image in any form that [depicts] or displays nudity;" and to install and activate "software capable of blocking access to sexually explicit material on any personal computer in [his] residence."

In 2007, Mr. Douglas's probation officer found pornographic images on Mr. Douglas's laptop computer. The probation officer admonished Mr. Douglas that this was a violation of his community supervision and that he would be held responsible for any pornographic images found on his computer, regardless of how they got there. He was specifically notified by his probation officer that if any more pornographic images were found on his computer, a motion to proceed to adjudication would be filed. In 2009, more pornographic images were found on Mr. Douglas's computer. Specifically, the Community Supervision and Corrections Department found "more than 200 temporary internet files that had thumbnail pictures of nude adults." Mr. Douglas claimed his stepson downloaded

2

the images, and the stepson signed an affidavit stating that he had used the laptop to view pornography without Mr. Douglas's knowledge.

At the hearing on the State's motion to proceed to adjudication, Mr. Douglas continued to deny that the he had downloaded the thumbnails but admitted that he had done internet searches on herpes, rosacea, and the word "areola," and in the results of those searches he viewed pictures of women's breasts, buttocks, and vaginas. He also claimed that a link he had clicked on from a CNN website directed him to a website with adults engaging in oral sex.

### Standard of Review

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010). We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of community supervision, and then must prove that the defendant violated a term of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex. Crim. App.1993).

In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Allbright v. State*, 13 S.W.3d 817, 818–819 (Tex. App.— Fort Worth 2000, pet. ref'd). We review the evidence in the light most favorable

3

to the trial court's ruling.  *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Allbright*, 13 S.W.3d at 818.  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision.  *Cardona*, 665 S.W.2d at 493–94.  Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd.).

## Discussion

Mr. Douglas does not argue on appeal that he is not the same individual who is named in the judgment and order of community supervision.  And because we have previously held that a factual sufficiency review is inapplicable to revocation proceedings, *see Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd), we will address only Mr. Douglas's claim that the evidence is legally insufficient to support a finding that he violated a term of his community supervision.

The evidence at trial established that Mr. Douglas had been warned in December 2007, that pornographic images had been found on his computer and that he would be held responsible for any pornographic images found on his computer, regardless of who downloaded them.  The evidence further established that over 200 pornographic images had been downloaded to Mr. Douglas's computer between April and July 2008.  Mr. Douglas argues that there was no direct evidence affirmatively linking him to the pornographic images found

4

on his computer.  There was, however, direct evidence that pornographic images were found on his computer.

The community supervision condition specifically prohibited Mr. Douglas from "possessing" sexually explicit images on any medium.  There could have been no misunderstanding after the December 2007 warning that he was required to guard against anyone using his computer to access the proscribed material.  He failed to do so.  The evidence is legally sufficient to prove that Mr. Douglas "possessed" the material on his computer.

There was also evidence by Mr. Douglas's own admission that he had seen nude pictures of women when he had done internet searches on herpes, rosacea, and the word "areola."  The court was within its discretion to choose to disbelieve Mr. Douglas's excuse that he forgot the meaning of the word "areola" or that he did not think accessing medical journals on a sexually transmitted disease would lead to pictures of sexual organs.  *See Cherry*, 215 S.W.3d at 919 (noting that the trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony).  The evidence is legally sufficient to prove that Mr. Douglas "viewed" sexually explicit material.

Mr. Douglas was required not to "possess . . . or view sexually explicit visual or audio material" and not to "possess . . . or view any . . . image in any form that [depicts] or displays nudity."  Viewed in the light most favorable to the judgment, the evidence presented at the hearing supports the trial court's order finding Mr. Douglas violated the conditions of community supervision, adjudicating him guilty of sexual assault, and revoking his community supervision.  Thus, there is no abuse of discretion in the trial court's order

5

denying the motion to rescind revocation of community supervision.  We overrule Mr. Douglas's sole issue.

## Conclusion

Having overruled Mr. Douglas's sole issue on appeal, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 3, 2011

6