02-11-190-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00190-CR

 

 


 
 
 Brandy Nicole Bonsall
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 90th
District Court OF Young COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Brandy Nicole Bonsall appeals the trial court’s judgment revoking her deferred
adjudication community supervision.  In her sole issue, Bonsall argues that the
trial court abused its discretion adjudicating her guilty because the State
failed to prove by a preponderance of the evidence that she violated the terms
of her community supervision.  We will affirm.

II.  Discussion

The
decision to proceed to an adjudication of guilt and to revoke deferred
adjudication community supervision is reviewable in the same manner as a
revocation of ordinary community supervision.  Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (West Supp. 2011).  We review an order revoking community
supervision under an abuse of discretion standard.  Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984); Cherry v. State, 215 S.W.3d 917, 919
(Tex. App.—Fort Worth 2007, pet. ref’d).  In a revocation proceeding, the State
must prove by a preponderance of the evidence that the defendant violated the
terms and conditions of community supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry, 215 S.W.3d at 919.  A
preponderance of the evidence means that the greater weight of the credible
evidence would create a reasonable belief that the defendant has violated a
condition of her community supervision.  Rickels, 202 S.W.3d at 763–64.

The
trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony, and we review the evidence in the light
most favorable to the trial court’s ruling.  Cardona, 665 S.W.2d at 493;
Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Cherry, 215 S.W.3d at 919.  If the State fails to meet its burden
of proof, the trial court abuses its discretion by revoking the community
supervision.  Cardona, 665 S.W.2d at 493–94.  Proof by a preponderance
of the evidence of any one of the alleged violations of the conditions of
community supervision is sufficient to support revocation.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Leach v. State,
170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref’d).

Here,
in its motion to proceed to adjudication, the State alleged that Bonsall
violated several terms of her community supervision, including that she had “failed
to remain within her county of residence . . . without
permission of the Court or supervision officer in that . . . [Bonsall]
was living in Wichita Falls and . . . failed to timely
report” her move.[2]  The trial court found
this allegation to be true.

The
record demonstrates that the terms of Bonsall’s community supervision required
her to remain within her county of residence and that she was not to change her
place of residence without permission of the court or her supervision officer. 
At the revocation hearing, Bonsall’s supervision officer testified that Bonsall
“relocates continually” and that “[a]t times she calls and requests permission;
other times she just moves.”  Specifically, the supervision officer testified
that he first learned of Bonsall having moved to Wichita Falls when Bonsall
called and left him a message on his phone that she had done so.  The
supervision officer said that Bonsall informed him of her address by mail approximately
one month later.  After learning of her address, the supervision officer
transferred her case to Wichita Falls.

Bonsall
does not contest that she actually moved to Wichita Falls against the terms of
her community supervision.  She readily admits in her brief that sometimes she
moved with permission and other times she moved without permission.  Her
argument is that the supervision officer “did not specify which times [that she
had moved] were applicable in his testimony,” and that, therefore, the State
did not prove the violation specified in the State’s motion to revoke.  But our
review of the State’s motion and the supervision officer’s testimony reveals an
allegation of a move to Wichita Falls without permission and testimony by the
officer confirming such a move.  In other words, viewing the evidence in the
light most favorable to the trial court’s ruling, the greater weight of the
credible evidence introduced by the State at the revocation hearing would
create a reasonable belief that Bonsall violated the condition of her community
supervision forbidding her to move her place of residence unless first gaining
permission from the court or her supervision officer.  See Rickels, 202
S.W.3d at 763–64.

We
overrule this portion of Bonsall’s sole issue.  Because we hold that the
evidence supports the trial court’s finding as to one alleged community
supervision violation, we need not address the remaining portions of Bonsall’s
sole issue challenging the trial court’s other violation findings.  See
Joseph v. State, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no
pet.) (citing Jones v. State, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel
Op.] 1978)) (reasoning that in order to prevail, an appellant must successfully
challenge all of the trial court’s findings that support the community
supervision revocation order); see also Moore, 605 S.W.2d at 926
(holding that evidence of any one of the alleged violations of the conditions
of community supervision is sufficient to support a revocation order).

III.  Conclusion

Having
concluded that the trial court did not abuse its discretion by finding that the
State proved by a preponderance of evidence that Bonsall had violated at least
one term of her community supervision as alleged in the State’s motion to
proceed to adjudication, we affirm the trial court’s judgment.

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 24, 2012









[1]See Tex. R. App. P. 47.4.





[2]Bonsall contends that the
State’s motion to adjudicate guilt only alleges “one move, allegedly made
on August 16, 2003.”  But a review of the motion demonstrates at least two
moves specifically alleged by the State, one of those moves being when Bonsall allegedly
moved to Wichita Falls without first seeking permission.