

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00190-CR

BRANDY NICOLE BONSALL                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Brandy Nicole Bonsall appeals the trial court's judgment revoking her deferred adjudication community supervision. In her sole issue, Bonsall argues that the trial court abused its discretion adjudicating her guilty because the State failed to prove by a preponderance of the evidence that she violated the terms of her community supervision. We will affirm.

----

[1]See Tex. R. App. P. 47.4.

## II. DISCUSSION

The decision to proceed to an adjudication of guilt and to revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. A preponderance of the evidence means that the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of her community supervision. *Rickels*, 202 S.W.3d at 763–64.

The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any one of the alleged

2

violations of the conditions of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Here, in its motion to proceed to adjudication, the State alleged that Bonsall violated several terms of her community supervision, including that she had "failed to remain within her county of residence . . . without permission of the Court or supervision officer in that . . . [Bonsall] was living in Wichita Falls and . . . failed to timely report" her move.[2] The trial court found this allegation to be true.

The record demonstrates that the terms of Bonsall's community supervision required her to remain within her county of residence and that she was not to change her place of residence without permission of the court or her supervision officer. At the revocation hearing, Bonsall's supervision officer testified that Bonsall "relocates continually" and that "[a]t times she calls and requests permission; other times she just moves." Specifically, the supervision officer testified that he first learned of Bonsall having moved to Wichita Falls

---

[2]Bonsall contends that the State's motion to adjudicate guilt only alleges "*one* move, allegedly made on August 16, 2003." But a review of the motion demonstrates at least two moves specifically alleged by the State, one of those moves being when Bonsall allegedly moved to Wichita Falls without first seeking permission.

when Bonsall called and left him a message on his phone that she had done so. The supervision officer said that Bonsall informed him of her address by mail approximately one month later. After learning of her address, the supervision officer transferred her case to Wichita Falls.

Bonsall does not contest that she actually moved to Wichita Falls against the terms of her community supervision. She readily admits in her brief that sometimes she moved with permission and other times she moved without permission. Her argument is that the supervision officer "did not specify which times [that she had moved] were applicable in his testimony," and that, therefore, the State did not prove the violation specified in the State's motion to revoke. But our review of the State's motion and the supervision officer's testimony reveals an allegation of a move to Wichita Falls without permission and testimony by the officer confirming such a move. In other words, viewing the evidence in the light most favorable to the trial court's ruling, the greater weight of the credible evidence introduced by the State at the revocation hearing would create a reasonable belief that Bonsall violated the condition of her community supervision forbidding her to move her place of residence unless first gaining permission from the court or her supervision officer. *See Rickels*, 202 S.W.3d at 763–64.

We overrule this portion of Bonsall's sole issue. Because we hold that the evidence supports the trial court's finding as to one alleged community supervision violation, we need not address the remaining portions of Bonsall's

4

sole issue challenging the trial court's other violation findings. *See Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (*citing Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)) (reasoning that in order to prevail, an appellant must successfully challenge all of the trial court's findings that support the community supervision revocation order); *see also Moore*, 605 S.W.2d at 926 (holding that evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order).

## III. CONCLUSION

Having concluded that the trial court did not abuse its discretion by finding that the State proved by a preponderance of evidence that Bonsall had violated at least one term of her community supervision as alleged in the State's motion to proceed to adjudication, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 24, 2012