

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT HARPER, | § | No. 08-24-00093-CR |
| Appellant, | § | Appeal from the |
| v. | § | 450th District Court |
| THE STATE OF TEXAS, | § | of Travis County, Texas |
| Appellee. | § | D-1-DC-19-301648 |

**MEMORANDUM OPINION**[1]

Appellant Robert Harper appeals the trial court's judgment revoking his deferred adjudication community supervision and adjudicating him guilty of second-degree-felony family- violence assault. We affirm, as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2020, Harper pleaded guilty to the charged offense of assault by strangulation on M.H., a family member, with a previous conviction for an offense against a family or household member, resulting in the charge being classified as a second-degree felony. Tex. Penal. Code Ann. § 22.01(a)(1), (b)(2)(B), (b–3)(2). On March 25, 2021, the trial court signed

---

[1] The appeal was transferred to this Court from the Third Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Third Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

an order of deferred adjudication and placed him on community supervision for a term of seven years.[2] Among other terms, Harper was ordered to complete 120 hours of community supervision, treatment and counseling as recommended by the probation department to include the batterer's intervention program, parenting classes, and to have GPS monitoring for a period of one year. In addition, the trial court limited Harper's contact with M.H.[3]

On June 3, 2021, the State moved to adjudicate Harper's guilt and revoke his community supervision, alleging multiple violations of his conditions of probation. The State's motion remained pending for several years. The State filed its "Second Amended Motion to Proceed with an Adjudication of Guilt" on March 17, 2022, alleging 15 violations of Harper's conditions of probation. On September 21, 2023, the State filed its "Motion to Proceed with an Adjudication of Guilt" alleging 10 violations, and on October 2, 2023, the State added a new violation in its "Amended Motion to Proceed with an Adjudication of Guilt" for a total of 11 violations. Then, on November 22, 2023, the State filed its "2nd Amended Motion to Proceed with an Adjudication of Guilt" that alleged 15 violations. Among the alleged violations were failure to avoid drug use, failure to report, and committing additional criminal offenses.

A revocation hearing was held on April 1, 2024, and the State proceeded on the alleged violations, but waived all monetary allegations with the exception of failure to pay restitution.[4]

---

[2] We note the order of deferred adjudication cited an incorrect Penal Code provision for the offense charged, to wit: Tex. Penal. Code Ann. § 22.01(b–2) (providing an offense as a felony of the second degree if the assault is committed against a peace officer or judge who is discharging official duties).

[3] The complaining witness in this case is Harper's wife. Because Harper and his wife share the same surname, we refer to her as "M.H."

[4] Although the State announced it would proceed on the alleged restitution violation, it ultimately did not present evidence on the matter at the hearing. Moreover, the trial court did not make a finding in regard to a failure to pay restitution. The State concedes these points. Accordingly, we modify the judgment to remove the finding of "Failed to pay Restitution and is delinquent $420."

The probation officer testified to Harper's positive drug tests, failures to report, and continued criminal offenses against M.H. In addition, a paramedic, two police officers, and M.H. testified to the offenses alleged to have been committed by Harper against M.H. At the close of the hearing, the trial court found those allegations to be true and revoked Harper's community supervision, but made no finding with respect to restitution. The trial court entered a judgment adjudicating guilt and sentenced Harper to ten years' confinement in the Texas Department of Criminal Justice Institutional Division.[5] This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In doing so, we consider the sufficiency of the evidence supporting the basis for revocation. *Id*. Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (en banc).

"The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc). "In the

---

[5] Like the order of deferred adjudication, the judgment adjudicating guilt also includes an incorrect reference to Tex. Penal Code §22.01(b–2) (describing that an assault committed against a peace officer or judge who is discharging official duties is classified as a second degree felony). The correct citation to the Penal Code for assault against a member of the family or household by strangulation, with a previous offense of family violence, should be Texas Penal Code § 22.01 (b)(2)(B), (b–3)(2). To properly reflect the record of the case, we modify the judgment to correct the statute for the offense under which Harper was charged and convicted. When jurisdiction is established, an appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Aguirre v. State*, No. 08-24-00108-CR, 2024 WL 2701636, at *1 (Tex. App.—El Paso May 24, 2024, no pet.) (mem. op.); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also* Tex. R. App. P. 43.2(b).

probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).

A community supervision revocation hearing is administrative in nature and is not part of a criminal prosecution. *See Cobb*, 851 S.W.2d at 873. A defendant may be acquitted of a criminal offense and still have his community supervision revoked based on the same act because the standard of proof in a revocation proceeding is proof by a preponderance of the evidence, rather than beyond a reasonable doubt, as in a criminal trial. *See Polk v. State*, 729 S.W.2d 749, 750 n.1 (Tex. Crim. App. 1987) (en banc).

"Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision, and we must affirm a trial court's judgment if an appellant does not challenge each ground on which the trial court revoked community supervision." *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd) (citations omitted) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

In a community supervision revocation proceeding, the trial court is the trier of fact and the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker*, 389 S.W.3d at 865. We review the evidence in the light most favorable to the court's ruling. *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Id.* at 919, (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984) (en banc)).

# III. ANALYSIS

In a single issue, Appellant challenges the admission of evidence regarding the results of a drug test administered on August 31, 2023. He asserts the test results were testimonial in nature under *Crawford* because they qualified as statements that could reasonably be expected to be used in a court hearing. On this basis, he complains the admission of such testimony violated the Confrontation Clause of the United States Constitution. *See* U.S. Const. amend. VI (providing that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him").

Here, the record shows the State proceeded on multiple violations in support of revocation. Specifically, it alleged he violated the following terms of his supervision:

- Failed to avoid injurious or vicious habits as evidenced by the subsequent offenses of Assault Int/Reck Breath/Circ Fam Mem Prev IAT on September 24, 2023 and Burglary Of Habitation on September 30, 2023;
- Failed to avoid the use of all narcotics, habit forming drugs, alcoholic beverages, and controlled substances as evidenced by his positive UA for Amphetamines, Methamphetamines, and Cocaine on August 31, 2023;
- Failed to report as directed by the Supervision Officer for Office visit on June 27, 2023, compliance hearing on July 26, 2023, office visit on August 14, 2023, compliance hearing on September 7, 2023, and office visits on October 3, 2023 and October 19, 2023;
- Failed to pay UA Fee and is delinquent $10.00;
- Failed to pay Court Costs and is delinquent $60.00;
- Failed to pay Supervision Monthly Reimbursement Fees and is delinquent $570.00;
- Failed to pay Restitution and is delinquent $420.00;
- Failed to pay Crime Stopper Fee and is delinquent $24.79;
- Failed to the pay the Family Violence Center Fine and is delinquent $20.00;
- Failed to complete a Family Violence Assessment at Counseling and Education Services (CES);
- Failed to pay the CSTAP Fee and is delinquent $50.00;
- Failed to have no threatening or harassing contact with [M.H.] in person and stay 200 yards from where they live, work, or any place they may be;
- Committed a subsequent criminal offense in that on or about the 24th day of September, 2023, in the County of Travis, State of Texas, Robert Harper, did then and there intentionally and knowingly or recklessly cause bodily injury to

5

[M.H.] by placing his right hand tightly around her neck and squeezed her neck, impeding her breath until she became unconscious;

- Committed a subsequent criminal offense in that on or about the 30th day of September, 2023, in the County Of Travis, State of Texas, Robert Harper, did then and there intentionally or knowingly enter a habitation without the effective consent of [M.H.], the owner;
- Committed a subsequent criminal Offense in that on or about the 17th day of November, 2023, in the County of Travis, State of Texas, Robert Harper, did then and there intentionally flee from Officer Andrew Fiebig, a person Robert Harper knew to be a peace officer, to wit: used a motor vehicle to flee from a clearly marked Austin Police Department patrol vehicle with emergency equipment activated, attempting to lawfully arrest and detain the said Robert Harper did then and there use a vehicle while the said Robert Harper was in flight.

At the close of evidence, the trial court found all the listed allegations "true," except the allegation of failure to pay restitution, and it revoked Harper's probation.

Although Harper challenges the admission of evidence supporting alleged drug use, he does not otherwise challenge the sufficiency of the evidence to support the trial court's findings on the remaining violations. Because proof of a single violation is sufficient to support revocation, we may affirm the trial court's judgment based on multiple, unchallenged findings. *See Anthony v. State*, No. 03-17-00327-CR, 2019 WL 639492, at *3 (Tex. App.—Austin Feb. 15, 2019, pet. ref'd) (mem. op., not designated for publication) ("[W]e could affirm the trial court's judgment revoking [appellant's] community supervision based on its findings as to the other "noncriminal act violations" that [he] has not challenged on appeal."); *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Because appellant failed to challenge all findings in support of the trial court's revocation, we need not address appellant's argument challenging the finding that appellant violated a condition of his community supervision by using marijuana."); *Atkins v. State*, No. 03-13-00509-CR, 2015 WL 4512387, at *2 (Tex. App.—Austin July 24, 2015, no pet.) (mem. op., not designated for publication) (holding that because evidence was sufficient to support trial court's finding that appellant violated the terms of his probation

through failing to allow a home visit and failure to participate in GPS monitoring, the court need not address appellant's complaint regarding the offense of retaliation); *Lackey v. State*, No. 08-08-00012-CR, 2009 WL 4831618, at *2 (Tex. App.—El Paso Dec. 16, 2009, pet. ref'd) (not designated for publication) (concluding "Appellant's pleas of true and admissions were sufficient, standing alone, to support the trial court's revocation of supervision regardless of whether the evidence supported the court's findings on" remaining allegations). Thus, we need not address his sole complaint regarding the admissibility of the drug test results. Tex. R. App. P. 47.1. (providing that a court of appeals must hand down a written opinion that is as brief as practicable and necessary for final disposition of the appeal).

Accordingly, Harper's sole issue on appeal is overruled.

### IV. CERTIFICATION OF APPELLANT'S RIGHT TO APPEAL

As a final matter, we address the absence of Harper's signature on the trial court's certification of his right to appeal this case. The trial court has certified Harper's right to appeal, but the certification does not bear Harper's signature as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. Accordingly, pursuant to Rule 48.4 of the Texas Rules of Appellate Procedure, the Court ORDERS Harper's attorney to send Harper a copy of this opinion and this Court's judgment, notifying Harper of his right to file a pro se petition for discretionary review and inform Harper of the applicable deadlines. *See* Tex. R. App. P. 48.4, 68. The Court further ORDERS Harper's attorney to comply with all the requirements of Rule 48.4.

### V. CONCLUSION

We modify the judgment in two ways. First, we remove the violation of "Failed to pay Restitution and is delinquent $420.00." Second, we correct the judgment to reflect that Harper was

7

charged and convicted of an offense under Tex. Penal. Code § 22.01(a)(1), (b)(2)(B), (b–3)(2). We affirm as modified.


GINA M. PALAFOX, Justice

April 30, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)